UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL B. MOTON, <br><br> Plaintiff, <br><br> v. <br><br> ALLY FINANCIAL, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:17-cv-06179 <br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes CARL B. MOTON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ALLY FINANCIAL, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful practices.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains offices within the Northern District of Illinois.

#### PARTIES

4. Plaintiff is a 59 year-old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a Delaware Corporation with its principal place of business located at 440 South Church Street, Charlotte, North Carolina 28202. Defendant is engaged in the business of automotive financial services, and serves clients across the United States, including consumers in the State of Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. In approximately 2015, Plaintiff began receiving calls to his cellular phone, (586) XXX-8098 from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8098. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding debt owed by an individual named "Joshua Renlee."

11. Plaintiff is unfamiliar with any individual by that name, so he notified Defendant as such and demanded that it stop calling him.

12. Defendant mainly calls Plaintiff's cellular phone using the phone numbers (855) 856-2559 and (888) 650-4831, but upon belief, it has used other numbers as well.

13. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

14. When Plaintiff answers calls from Defendant, he often experiences a recorded message asking to speak with an individual named "Joshua Renlee."

15. Defendant's automated prompt also informs Plaintiff to press "2" if he is not the individual it is asking for and to hold for a live representative.

16. As he is unfamiliar with this individual, Plaintiff has opted out using Defendant's prompts on several occasions to no avail.

17. When Plaintiff does not answer Defendant's phone calls, it will leave him a recorded voice message asking to speak with this unknown individual.

18. Plaintiff has even taken the time to return some of Defendant's phone calls to opt out yet again.

19. Despite informing Defendant that it was calling the wrong person, as well as his demands that it cease contacting him, it has continued to regularly call Plaintiff's cellular phone up until the date of the filing of this action.

20. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being notified that it was calling the wrong person and to stop calling.

21. Plaintiff has received not less than 35 phone calls from Defendant, seeking to collect upon an unknown individual.

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

23. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $62.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown person, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The recorded message asking for the unknown third-party, which Plaintiff experiences upon answering Defendant's phone calls, is instructive that an ATDS is being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

29. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party whom Plaintiff had no familiarity with. As such, he could not have given Defendant consent to contact him. Even if Defendant had a legitimate business reason for initially

4

contacting Plaintiff, which it did not, he explicitly revoked any consent by his demands to cease contact, and his multiple attempts to opt out using Defendant's prompts.

30. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had ample reasons to be aware that it was calling the wrong party, including Plaintiff's several attempts to opt-out, but yet, it continued its attempts to harass Plaintiff into submission.

WHEREFORE, Plaintiff, CARL B. MOTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

| | |
|---|---|
| Dated: August 25, 2017 | Respectfully submitted, |
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |